ROBERT E. KINKEAD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinkead v. Commissioner
Docket No. 27446-81.
United States Tax Court
T.C. Memo 1983-481; 1983 Tax Ct. Memo LEXIS 310; 46 T.C.M. (CCH) 1088; T.C.M. (RIA) 83481; August 15, 1983. Robert E. Kinkead, pro se. Sue A. Nelson, for the Respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to the provisions of Rule 121. [1] Respondent's motion was filed on March 29, 1983, and was argued by the parties at a trial session of the Court in St. Paul, Minnesota, on June 20, 1983. Respondent determined deficiencies in income tax and additions to tax for the years and in the amounts as follows: Deficiency in
Additions to Tax
Taxable Year
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1976
$1,729.00
$ 217.00
$ 86.45
$ 24.46
1977
2,148.00
537.00
107.40
76.32
1978
517.00
129.25
25.85
16.49
1979
1,938.00
484.50
96.90
81.12
Total
$6,332.00
$1,367.75
$316.60
$198.39
As the result of certain concessions made by the *312 respondent at the time of argument of respondent's motion, relating to petitioner's allowable deductions and personal exemptions for the years in issue (discussed hereinafter), respondent now contends for deficiencies in tax and additions to tax as follows: Deficiency in
Additions to the Tax
Taxable Year
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1976
$1,146.00
$ 71.25
$57.30
$ 2.63
1977
1,421.00
355.25
71.05
50.52
1978
12.28
3.07
None
None
1979
1,177.15
294.29
58.86
49.25
Total
$3,756.43
$723.86
$187.21
$102.40
Respondent contends that the pleadings, together with the materials attached to his motion and petitioner's admissions at the hearing, show that there are no material facts in dispute as to any issue presented in this case, and that he is entitled to judgment as a matter of law. Petitioner contends that there are material facts still in dispute, and opposes the motion. The issues presented are: 1. Whether petitioner had income from wages and interest in the years in issue, as determined by the statutory notice, which petitioner failed to report. 2. Whether petitioner was entitled to additional itemized *313 deductions and personal exemptions for each of the years in issue, in amounts larger than those allowed by respondent in his revised computations. 3. Whether petitioner is liable for additions to tax under the provisions of section 6651(a). 4. Whether petitioner is liable for additions to tax under the provisions of section 6653(a). 5. Whether petitioner is liable for additions to tax under the provisions of section 6654. With respect to the issues presented, the instant record establishes the following material and relevant facts (numerical references are to the issues as listed above): 1. Respondent determined, and petitioner does not dispute, that petitioner received wages and interest in the years in issue in the amounts as determined in respondent's statutory notice. The wages were received from petitioner's employer, and the interest from the credit union apparently operated by petitioner's employer. 2. Petitioner argues that material facts are in controvery between the parties, in that respondent's statutory notice allowed him only one personal exemption for each year, whereas he was entitled to four exemptions in each year, and respondent further allowed *314 him no itemized deductions, whereas he was entitled to various itemized deductions, as detailed in his several "declarations" which were filed in opposition to respondent's present motion. Neither petitioner's entitlement to personal exemptions nor additional itemized deductions were raised by petitioner in his petition herein, nor any amendment thereto. We are not required to consider any issues not properly raised by the pleadings. Rule 34(b)(4), (5); , affd. , cert. denied . Quite aside from this, however, petitioner's objections are moot. Respondent conceded at the hearing on this motion for summary judgment that petitioner was entitled to have his tax recomputed with the benefit of four personal exemptions in each year, and with the allowance of the standard deduction of $1,400 for 1976, under section 141(b)(3), and the zero bracket amounts of $1,600, $1,600 and $1,700 for the years 1977, 1978 and 1979, respectively, all on the basis of a married individual filing separately, section 63(d). Such standard deduction and zero *315 bracket amounts were greater in each year than the alleged itemized deductions claimed by petitioner in his opposition, and petitioner at the hearing on respondent's motion so acknowledged. With respect to these items, therefore, there are accordingly no material facts in dispute. 3. and 4. It is undisputed that petitioner filed no returns for the years before us, although he was aware of his tax filing obligation, as evidenced by his filing a return for 1975, involving the same types of income as those in the years before us. Petitioner's only contentions in this respect were (a) that his wages were not taxable income and (b) that the interest income concededly received from his employer's credit union constituted "gross receipts" rather than "gross income" and was therefore not taxable. 5. It is likewise undisputed that petitioner paid no estimated tax for any of the years in issue, and had tax withheld from his 1976 wages only, in the amount of $860.90. His tax liability for the years in question was: Taxable Year
Income Tax
1976
$1,146.00
1977
1,421.00
1978
12.28
1979
1,077.15
Rule 121(b) provides in part as follows: A decision shall * *316 * * be rendered if the pleadings, answersto interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * Respondent, as the party moving for summary judgment, has the burden of proving that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. ; . In deciding a motion for summary judgment, the Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought * * * with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute," . Tested by the above standards, and in view of the facts which have been established in this record, as detailed above, we find that there are no genuine issues as to *317 any material fact remaining in this case, and that a decision in favor of respondent may be rendered as a matter of law. It is undisputed that the income as determined by respondent was received by petitioner in the years in question, and it is perfectly clear that such income is taxable. Section 61; , affg. . Petitioner's claims as to additional personal exemptions and itemized deductions have been disposed of by respondent's concessions. With respect to the proposed additions to tax under section 6651(a) and 6653(a), as determined by respondent, the burden of proof was on petitioner to show that such determinations were not correct, that petitioner had reasonable cause not to file returns for the years in issue, and that his failure to do so was not due to negligence or deliberate disregard of rules and regulations. ; ; . The stale and frivolous tax protester arguments advanced by petitioner *318 to account for his failure to report such income, rejected many times by this and other courts, see , no longer require scholarly discussion, see ; , do not constitute reasonable cause for failure to file timely returns, , affg. an unreported opinion of this Court; , and warrant the imposition of additions to tax under sections 6651(a) and 6653(a). . The tax deficiencies for the years in issue having been clearly established in this record, as well as the facts that petitioner paid no estimated tax for any of the years, and had nominal withholding of tax for the year 1976, it follows that the imposition of additions to tax under section 6654 is automatic and mandatory. ; . Because there *319 is no genuine issue as to any material fact, and because petitioner's arguments are entirely without merit, we grant respondent's motion for summary judgment, in the amounts as shown by respondent's revised computations. An appropriate order and decision will be entered.
Footnotes
1. All Rule references herein are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, unless otherwise noted.↩